IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

W. R. BERKLEY CORPORATION,

                      Plaintiff;

v.

JONATHAN R. BECKER,

                      Defendant.

Civil Action No. 20-1122-RGA

MEMORANDUM ORDER

Before me is Defendant's motion to dismiss for failure to state a claim. (D.I. 15). I have considered the parties' briefing. (D.I. 16, 18, 19). For the following reasons, Defendant's motion is DENIED.

### I. BACKGROUND

Plaintiff ("Berkley") sued Defendant ("Mr. Becker") for breach of contract. (D.I. 1). The contracts at issue arose during Mr. Becker's employment at Berkley's subsidiary, Acadia. (D.I. 1 ¶¶ 3–16, 21-23). Starting in 2007, Mr. Becker and Berkley entered into a series of restricted stock unit ("RSU") agreements, which granted Mr. Becker stock as part of an incentive plan. (*See* D.I. 1, Exs. 1–8). The agreements have repayment provisions allowing Berkley to demand repayment should Mr. Becker engage in "Competitive Action" within a year of leaving Acadia. (D.I. 1 ¶ 17). Berkley claims that Mr. Becker has engaged in competitive action and

brings this suit to demand repayment. The agreements have Delaware choice of law provisions which state, "This Agreement shall be construed and interpreted in accordance with the laws of the State of Delaware, without regard to the principles of conflicts of law thereof." (D.I. 1 Ex. 1 § 18; Ex. 2 §18; Ex. 3 § 19; Ex. 4 § 19; Ex. 5 § 19; Ex. 6 § 19; Ex. 7 § 19).

## II.  LEGAL STANDARD

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). There must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (cleaned up)).

## III.  DISCUSSION

Mr. Becker argues that I should dismiss this case for two reasons. First, the repayment provisions in the RSU Agreements are void *ab initio* under a Maine law that prohibits repayment of compensation. (D.I. 16 at 2 (citing 26 M.R.S.A. § 629)). Second, even if the provisions are

not void *ab initio*, Maine law controls (and renders the repayment provisions illegal) under a choice-of-law analysis. (*Id.*).

Each of Mr. Becker's arguments is premised on the assumption that the RSU Agreements violate 26 M.R.S.A. § 629. I say "assumption" because the opening brief does not lay out why the RSU Agreements violate 26 M.R.S.A. § 629. The statute provides:

> A person, firm or corporation may not require or permit any person as a condition of securing or retaining employment to work without monetary compensation or when having an agreement, oral, written or implied, that a part of such compensation should be returned to the person, firm or corporation[.]

Mr. Becker argues:

> § 629 expressly prohibits "unfair agreements" that require an employee to return any portion of his or her compensation to their employer. In other words, any agreement that requires an employee to return a part of his or her compensation except for a few narrow exceptions listed therein, constitutes an "unfair agreement" and is therefore, illegal. Given this prohibition, the RSU Agreements' repayment provision was void *ab initio*, meaning it was illegal under Maine law at its inception when sent to Mr. Becker in Maine as a Maine employee.

(D.I. 16 at 6). This analysis does not establish a violation. It fails to, for instance, establish that Berkley, as a corporate parent of Mr. Becker's employer, would be covered by the statute or that the RSU Agreements provide "compensation" under the statute. Mr. Becker's reply comes closer. (D.I. 19 at 3–4 (arguing that § 629 is not limited to employers and that parent companies are "commonly considered 'employers' for purposes of wage and hour laws")).

There are two problems with Mr. Becker's first argument, that the contract is void *ab initio*. One, Mr. Becker has not shown by his argument that the repayment provision is void *ab initio* under Maine law. Two, even if he had so shown, there would be the issue that the contract says it is controlled by Delaware law. The argument that Maine law should be applied to the contract independently and prior to consideration of the impact of the choice of laws selection

3

clause does not make much sense. If Delaware law applies, why would it not apply to all provisions of the contract?

I move on to Mr. Becker's second argument that Maine law applies under a choice-of-law analysis.

"In a diversity action, the court must apply the choice of law rules of the forum state to determine what substantive law will govern." *Huber v. Taylor*, 469 F.3d 67, 73 (3d Cir. 2006) (quotation omitted). In Delaware, the *Restatement (Second) of Conflict of Laws* governs. *Focus Fin. Partners, LLC v. Holsopple*, 241 A.3d 784, 803 (Del. Ch. 2020). For contracts, "The law of the state chosen by the parties to govern their contractual rights and duties will be applied" unless:

> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
>
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement (Second) of Conflict of Laws §187 (1971). Delaware has also enacted 6 Del. C. § 2708, which states:

> (a) The parties to any contract, agreement or other undertaking…may agree in writing that the contract, agreement or other undertaking shall be governed by or construed under the laws of this State, without regard to principles of conflict of laws, or that the laws of this State shall govern .... The foregoing shall conclusively be presumed to be a significant, material and reasonable relationship with this State and shall be enforced whether or not there are other relationships with this State.

Berkley asserts that this Delaware statute ends the inquiry. (D.I. 18 at 6–8). The Delaware Court of Chancery has found, "Section 2708 essentially stipulates that for purposes of deciding whether to apply a Delaware choice of law provision, courts may assume a negative answer to both of [the *Restatement (Second)*] exceptions." *FdG Logistics, LLC v. A&R Logistics Holdings, Inc.*, 131 A.3d 842, 854–55 (Del. Ch.), *aff'd sub nom. A & R Logistics Holdings, Inc.*

4

*v. FdG Logistics LLC*, 148 A.3d 1171 (Del. 2016). The disputed contracts agreed that Delaware law applies "without regard to the principles of conflicts of law thereof." Thus, I may assume that neither exception applies.

Berkley may be right that the Delaware statute resolves the issue, but courts considering a Delaware choice of law provision tend to analyze each exception even when the parties have such a choice of law provision. *E.g., W. R. Berkley Corp. v. Dunai*, 2021 WL 1751347 at *1 (D. Del. May 4, 2021). I will therefore consider the Section 187 exceptions.

At the first exception, I find that Berkley has a substantial relationship with Delaware because Berkley is incorporated in Delaware. *Focus Fin. Partners*, 241 A.3d at 804; 6 Del. C. § 2708.

At the second exception, I must consider whether Maine has a "materially greater interest" than Delaware and, if so, "whether applying Delaware law would be contrary to a fundamental policy" in Maine. *Coface Collections N. Am. Inc. v. Newton*, 430 F. App'x 162, 168 (3d Cir. 2011).[1] I preliminarily find that Delaware law would not be contrary to a fundamental policy in Maine. I therefore will not address whether Maine has a "materially greater interest" than Delaware.

It is often premature to conduct a choice of law analysis at the motion to dismiss stage. *See Graboff v. The Collern Firm*, 2010 WL 4456923 at *8 (E.D. Pa. Nov. 8, 2010) ("Due to the complexity of this analysis, when confronted with a choice of law issue at the motion to dismiss stage, courts within the Third Circuit have concluded that it is more appropriate to address the

---

[1] I am assuming without deciding that Maine's law would "be the state of the applicable law in the absence of an effective choice of law by the parties." Restatement (Second) of Conflict of Laws § 187(2)(b).

issue at a later stage in the proceedings."). In this case, however, a Maine court has already found that applying Delaware law would not be contrary to a fundamental policy of Maine.

In a first-filed suit in Maine, Mr. Becker sued Berkley. (D.I. 18-1, Ex. A at 1). Berkley moved to dismiss based on the Delaware forum selection clause in the RSU Agreements. (*Id.* at 4). Mr. Becker argued that the forum selection clause, in combination with the Delaware choice of law clause, would deprive Mr. Becker of his rights under 26 M.R.S.A. § 629.[2] The Maine court disagreed, explaining:

> After examining the relevant statutory provisions pursuant to Maine and Delaware law, the Court declines to hold unenforceable the choice of law provision on the ground that the application of Delaware law to Mr. Becker's claims violates a fundamental policy of Maine. Delaware's employment statu[t]es address withholding and timing of wage payments, as does 26 M.R.S. § 629, the statute that is the basis of Mr. Becker's claim. *Compare* 26 M.R.S. § 629 *with* Del. Code Ann. Tit. 19, §§ 1102, 1107 (addressing timing of wage payments and restricting employers from "withhold[ing] or divert[ing] any portion of an employee's wages"). Both statutes are "designed to protect" employees "from being forced to work without pay." *Cooper v. Springfield Terminal Ry. Co.*, 635 A.2d 952, 955 (Me. 1993). The application of this public policy in Delaware is not significantly different from its application in Maine. Because Mr. Becker has failed to show significant differences in the application of the relevant public policy, he has failed to show that enforcement of the choice of law provision would violate a fundamental policy in Maine.

(*Id.* at 6). At this juncture, it seems likely that a choice of law analysis based on a more thorough record would yield the same result. A Maine judge is good authority on Maine's fundamental policy, especially when analyzing the same contract under the same law.

Furthermore, other judges have applied Delaware law to the exact same repayment provisions after a choice-of-law analysis. *See Dunai,* 2021 WL 1751347 at *1 (considering

---

[2] Berkley argues that Mr. Becker should be collaterally estopped from arguing that the RSU Agreements violate Maine public policy. (D.I. 18 at 10). Most of Berkley's argument is in a footnote. (*Id.* at 10 n.3). "[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived." *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997). Thus, I reject Berkley's collateral estoppel argument.

Illinois law); *W. R. Berkley Corporation v. Niemela*, 2019 WL 5457689 at *2–4 (D. Del. Oct. 24, 2019) (considering California law). Thus, I think it likely that Delaware law applies.

Since Mr. Becker has made no argument for why I should dismiss the suit under Delaware law, this ends the inquiry.

## IV. CONCLUSION

Mr. Becker's motion to dismiss (D.I. 15) is DENIED.

IT IS SO ORDERED this 16th day of February, 2022.

*/s/ Richard G. Andrews*
United States District Judge